■ Morton Tabak, Respondent-Appellant, v Flora Koppel et al., Appellants-Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered May 31, 1989, which granted plaintiff landlord's motion for summary judgment to the extent of directing defendant Pissakos to surrender the subject apartment and denied that part of the motion which sought money damages for additional use and occupancy, unanimously affirmed, without costs.

This is an action for ejectment in which the plaintiff landlord seeks to recover possession of apartment No. 4 at 229 East 5th Street in Manhattan, currently occupied by defendant Elizabeth Pissakos. The rent-stabilized apartment was originally leased to defendant Flora Koppel for a term ending October 31, 1984. During the course of the tenancy, Pissakos moved into the apartment as a subtenant without the land-

lord's permission. The landlord commenced a holdover proceeding in Housing Court seeking to evict the defendants on the ground of an illegal sublet. The case was settled by a stipulation, dated February 24, 1984, in which, *inter alia,* the action was discontinued and Pissakos promised to return the apartment on or before October 31, 1984. Pissakos failed to surrender the apartment at that time and has continued to occupy the apartment until the present. Various attempts by the landlord to enforce the stipulation in Housing Court were denied on procedural grounds and subsequent actions brought in Housing Court in attempts to evict the defendants were stymied for similar reasons. Eventually, the landlord commenced the instant action in Supreme Court, sounding in ejectment.

In support of this motion for summary judgment the landlord has clearly established his entitlement to the apartment. In opposition to the motion, Pissakos has not set forth any triable issues of fact in defense to the ejectment action. Her claim that the plaintiff recognized and accepted her as the tenant is belied by the protracted record of the landlord's multifaceted attempts to evict the absentee tenant Koppel and the illegal subtenant Pissakos in Housing Court. Contrary to defendant's characterization of these proceedings, Pissakos was never acknowledged therein as a lawful tenant. Accordingly, the IAS court properly granted the landlord summary judgment of possession.

Throughout these proceedings, Pissakos had been paying use and occupancy for the apartment. The landlord has not established his right to money damages or to use and occupancy at a higher rate, and the IAS court's denial of the plaintiff's requests for these additional moneys should not be disturbed. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.